■ NPS CORP., Respondent, v CONTINENTAL GROUP, INC., Appellant.—Order, Supreme Court, New York County (Herman Cahn, J.), entered October 24, 1990, which insofar as appealed from denied defendant's motion for summary judgment on the first and second causes of action of the complaint and on its counterclaim, unanimously reversed, on the law, with costs, defendant's motion is granted, and judgment is hereby entered declaring that plaintiff NPS Corp. is liable to the defendant on its guaranty of its subsidiary's performance of the February 22, 1982 agreement to the full extent of the arbitration award rendered in April 1986.

The somewhat convoluted procedural history of this case is set forth in detail in *Continental Group v NPS Communications* (873 F2d 613). As pertinent to this appeal, plaintiff NPS Corp. (NPS) guaranteed performance by its subsidiary NPS Communications, Inc. (Communications) of an agreement dated February 22, 1982 between Communications and defendant The Continental Group, Inc. (CGI), wherein Communications bought from CGI the right to use a portion of CGI's telecommunication system (the system). CGI served upon NPS and Communications a notice to arbitrate disputes regarding sums claimed to be owed by Communications to CGI, and Communications' claims that the system did not function as warranted.

NPS commenced this action in the Supreme Court for a judgment declaring that its guaranty was discharged, at least

in part, as a result of CGI's written notice terminating the agreement effective May 1, 1983. NPS also claimed that its guaranty was discharged on other grounds relating generally to the malfunction of the system, and CGI's conduct, but those issues have been removed from this case by that portion of the Supreme Court's order "dismissing" the third and fourth causes of action in the complaint, from which NPS has not cross-appealed.

Communications commenced a special proceeding under CPLR article 75 to stay the arbitration. CGI moved for an order compelling NPS to arbitrate, and to stay the declaratory judgment action pending arbitration. NPS cross-moved to stay arbitration pending determination of the declaratory judgment action. In response to Communications' petition to stay arbitration, CGI cross-petitioned for an order compelling Communications to arbitrate. Both actions, with their attendant motions and cross-motions, petitions and cross-petitions, were made returnable before Justice Seymour Schwartz, who resolved them in a memorandum opinion dated August 27, 1984.

As here pertinent, Justice Schwartz stated that "NPS urges the Court to declare that its guaranty terminated on May 1, 1983, and that CGI breached the Agreement, thereby releasing it of its obligation." As noted earlier herein, the issue of CGI's alleged breach of the agreement has been removed from the case; thus the only issue remaining on this appeal is whether there is a factual question as to the discharge of NPS's guaranty subsequent to May 1, 1983 as a consequence of CGI's notice of termination.

With respect to this issue, Justice Schwartz stated that "termination is an issue for the arbitrators and not for the courts where the parties agreed to arbitration * * * It is for the arbitrator, not the Court, to determine issues involving termination, just as the arbitrator must determine other disputes arising under the agreement * * * Since at least some charges accumulated before May 1, 1983, the arbitrators must decide which ones are subject to arbitration. This will determine which claims must be adjudicated in court." Justice Schwartz, citing *Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.* (48 NY2d 127, 132), correctly observed that "even if the guarantor [NPS] did not agree to arbitrate, by guaranteeing the liability of a principal [Communications] who has done so, the guarantor implicitly agrees, for purposes of later determining its liability, to be bound by the resolution reached in arbitration."

An arbitration was thereafter held before a panel of three

arbitrators, at which NPS, Communications and CGI appeared. NPS contended before the arbitrators that "following the termination of the Agreement effective May 1, 1983, the guarantee of [NPS] contained in the agreement terminated." CGI claimed that Communications owed $761,000 as of May 1, 1983, and that approximately $3 million was owed as of early August 1983, when its services to Communications terminated. It is clear that the arbitrators found that the agreement had *not* been terminated on May 1, 1983, because they awarded CGI $2,819,668 with interest from August 10, 1983. The arbitrators also found that "NPS Corp. * * * is responsible for the debts of its subsidiary, NPS COMMUNICATIONS, Inc."

CGI petitioned the U.S. District Court pursuant to the Federal Arbitration Act (9 USC § 1 *et seq.)* for an order confirming the arbitrators' award and entering judgment in conformity therewith. Communications did not resist confirmation of the award and entry of a money judgment against it, but NPS contended that since it had not agreed to arbitrate claims against it, the arbitrators' award could not support entry of a money judgment against it *(see, Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333). Judge Keenan agreed with NPS, finding that "although [NPS] is bound by the award[,] judgment should not be entered against it directly." CGI moved to amend the court's judgment and to reargue its motion for summary judgment, submitting affidavits executed by the three arbitrators which read as follows:

"We the undersigned served as arbitrators in the arbitration between the Continental Group, Petitioner and NPS Communications, Inc. and NPS Corp., respondents (American Arbitration Association Case No. 13-180-0709-83).

"We have read the Memorandum Opinion and Order of John F. Keenan, United States District Judge, rendered May 9, 1988 in this proceeding.

"It was the intent of all members of the panel that the Paragraph A, of the Award document which designates that NPS Corp. is responsible for the debts of NPS Communications, Inc. should rightly be part of the award."

Judge Keenan amended his order to provide: "Both the Finding and Award in the arbitration decision are hereby confirmed." However the court refused to amend its judgment so as to require NPS to pay the awarded amount to CGI. CGI's appeal to the Court of Appeals for the Second Circuit resulted in an affirmance, in an opinion concluding that Justice Schwartz's order directing arbitration excluded the issue of

NPS's continuing liability under its guaranty *(Continental Group v NPS Communications,* 873 F2d, *supra,* at 619).

CGI then moved for summary judgment in the declaratory judgment action. The Supreme Court correctly construed the Second Circuit's opinion as holding that the issue of NPS's guaranty was not given to the arbitrators by Justice Schwartz, but erroneously concluded that the *factual* issue regarding termination of the agreement on May 1, 1983 was neither given to the arbitrators nor determined by them. As observed earlier herein, Justice Schwartz explicitly and unequivocally referred the issue regarding the alleged termination of the agreement on May 1, 1983 to the arbitrators for determination, and that issue was necessarily resolved by the arbitrators against the position of NPS. Since the only issue remaining in the declaratory judgment action is whether NPS's guaranty was discharged on May 1, 1983 when the agreement was allegedly terminated, NPS is bound by the resolution of the termination issue by the arbitrators even though NPS did not agree to arbitrate its liability under the guaranty *(Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp., supra,* 48 NY2d 127, 132). Accordingly, CGI's motion for summary judgment declaring that NPS is liable to CGI on its guaranty to the full extent of the arbitrators' award against Communications, should have been, and is hereby, granted. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.